UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLE GARRETT, an individual,

    Plaintiff,

v().                                      Case No. 04-74839

TERRENCE DETERS, an individual, and    Honorable Patrick J. Duggan
DETERS RESTORATION CO., a Michigan
Corporation,

    Defendants.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION REQUESTING RELEASE OF AUTOMOBILE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on JUNE 8, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On December 10, 2004, Plaintiff Carle Garrett ("Garrett") filed this action against Defendants Terrence Deters ("Deters") and Deters Restoration Co. ("Deters Restoration") in this Court alleging (I) breach of contract and (II) claim and delivery.[1] Presently before the Court is Plaintiff's Motion Requesting Release of Automobile filed April 29, 2005. In

---

[1] This action is before the Court pursuant to diversity jurisdiction because Plaintiff is a citizen of Kentucky, Defendant Deters is a citizen of Michigan, Defendant Deters Restoration is incorporated in Michigan with its principal place of business in Michigan, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

his Motion, Plaintiff seeks an order from this Court releasing an automobile constructed by Deters and Restoration for the following reasons: (1) Plaintiff contends that he is the owner of the automobile and Defendants have not claimed a garage-keeper's lien against the automobile; or (2) Plaintiff is willing to place the disputed amount of $115,000 in escrow pending the resolution of this case. Defendants filed a response on May 12, 2005.

## I.  Factual Background

Garrett is a collector of Model A Ford automobiles. Garrett contracted with Deters, the owner of Deters Restoration, in November 2000 to build a 1930 Model A Town Car Delivery (the "automobile") from scratch because no such automobile was known to exist at that time. Deters worked on the automobile until the fall of 2003, and Garrett made payments totaling $90,500.37 to Deters through that same period.

The project came to a halt in the fall of 2003 with the automobile partially complete. Garrett eventually demanded release of the automobile to him in its incomplete condition. When Deters refused to release the automobile indicating an outstanding balance owed, Garrett filed this action. Defendants filed a counter-complaint seeking a balance owed of $115,000 from Garrett.

## II.  Applicable Law and Analysis

In his Motion, Garrett asks this Court to decide the following: (A) Who is the current owner of the partially completed automobile in Defendants' possession; (B) Whether Defendant must claim a garage-keeper's lien against the automobile; (C) Whether this Court can enforce the release of the automobile to Garrett in exchange for placement of the disputed amount in escrow prior to the outcome of the proceedings.

A. <u>Deters is the "owner" of the automobile</u>

Garrett contends that he is the current owner of the automobile. An "owner" is defined under MICH. COMP. LAWS ANN. § 257.37 as:

> (a) Any person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period that is greater than 30 days.
>
> (b) Except as otherwise provided in section 401a, a person who holds the legal title of a vehicle.
>
> (c) A person who has immediate right of possession of a vehicle under an installment sale contract.

There may be more than one owner of a vehicle under the Michigan Vehicle Code. *Messer v Averill*, 28 Mich. App 62, 65 n.2, 183 N.W.2d 802, 804 n.2 (1970).

Here, Garrett does not argue that he had exclusive use of the automobile at issue for greater than 30 days. Deters has had possession of the automobile since the commencement of the project, in November 2000. Deters is an "owner" of the automobile.

Additionally, Garrett does not argue that he has legal title of the automobile. The automobile was constructed from scratch and therefore no legal title exists. Moreover, even though Garrett made periodic payments to Deters, he never asserted immediate right of possession under an installment sales contract. An installment contract for sale of an automobile being the payment for the automobile over time. MICH. COMP. LAW ANN. § 566.301(a)(1). The seller maintains a first lien or security interest position until completion of the installment sales contract. MICH. COMP. LAW ANN. § 566.301(c).

3

Here, Garrett's periodic payments were for the construction of the automobile. Therefore, Garrett is not an "owner" of the automobile.

B.   Defendants need not claim a garage-keeper's lien

Garrett contends that Defendants did not and cannot now claim a garage-keeper's lien against the automobile. MICH. COMP. LAW ANN. § 570.303 (1) describes a garage-keeper's lien as "a lien upon the vehicle for the charges due for the storage, maintenance, keeping, diagnosis, estimate of repairs, and repair of the vehicle and for gasoline, electric current, or other accessories and supplies furnished, expenses bestowed, or labor performed on the vehicle . . . ." A garage-keeper's lien requires the registered owner of the vehicle to make a request for or consent to services or materials in the repair or maintenance of the vehicle. *Joy Oil Co. v. Fruehauf Trailer Co.*, 319 Mich. 277, 281-82, 29 N.W.2d 691, 692-93 (1947). When the purchaser, in a conditional sales situation, requests repairs to the property of the conditional sale, a common law lien exists and has superior interest to that of the unpaid seller. *Nickell v. Lambrecht*, 29 Mich. App. 191, 194, 185 N.W.2d 155, 156 (1970).

As discussed above, in this case, Garrett is not the registered owner of the automobile. Rather, Deters is the "owner." Therefore, he does not need to claim a garage-keeper's lien against the automobile.

C.   The Court will not seize the automobile prior to the outcome of the proceedings

Garrett is asking the court to seize the automobile from Deters and give him possession prior to the outcome of the proceedings in exchange for placing the disputed

4

amount of $115,000 in escrow. Rule 64 of the Federal Rules of Civil Procedure states, in part:

> At the commencment of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstance and in the manner provided by the law of the state in which the district court is held, . . . .

Rule 3.105 of the Michigan Rules of Court describes the procedure to be followed when seeking to recover goods or chattels that have been unlawfully taken or detained. After a claim and delivery complaint has been filed, a "Motion for Possession Pending Final Judgment" must be filed stating ". . . sufficient facts to show that the property described will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before final judgment unless the property is taken custody by court order." M.C.R. 3.105(E)(1)(b). Additionally, to obtain an order for possession, a plaintiff is required to make a prima facie showing that he or she is entitled to possession. *Rohe Scientific Corp. v. Nat'l Bank of Detroit*, 133 Mich. App. 462, 467-68, 350, N.W.2d 280, 282 (1984).

Garrett asked the Court to seize the automobile from Deters and deliver it to him. However, Garrett has not made a prima facie showing of ownership of the automobile. Additionally, Garrett's "Motion Requesting Release of Automobile" does not claim or show facts that the automobile will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value. Therefore, regardless of Garrett's willingness to place the disputed amount in an escrow account, the Court will not seize the automobile from Deters and deliver it to Garrett.

5

Accordingly,

**IT IS ORDERED** that Plaintiff Garrett's Motion Requesting Release of Automobile is **DENIED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Richard C. Lindsey, Jr., Esq.
Thomas R. Waelchli, Esq.